# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

HEATHER ANN TUCCI-JARRAF and
JEREMY WALKER,

    Plaintiffs,

  v.

WELLS FARGO BANK, N.A.,

    Defendant.

CASE NO. C11-5282BHS

NOTICE

This matter comes before the Court on Defendant Wells Fargo Bank's ("Wells Fargo") unopposed motion to dismiss pursuant to Rule 12(b)(6). The Court has considered the pleadings filed in support of the motion and the remainder of the file and hereby notifies Plaintiffs of the requirements for responding and the potential consequences of not responding to Wells Fargo's motion.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This matter arises out of quiet title action removed to this Court based on diversity of citizenship. Dkt. 1 (notice of removal). On May 11, 2011, Wells Fargo moved to dismiss this action under Fed. R. Civ. P. 12(b)(6) (failure to state a claim). On June 2, 2011, Wells Fargo filed a reply, which informed the Court that it unsuccessfully

ORDER - 1

attempted to serve Plaintiffs a copy of the motion. Dkt. 14. Plaintiffs have yet to file a response in opposition to Wells Fargo's motion to dismiss.

## II. DISCUSSION

As an initial matter, because Plaintiffs have not responded to Wells Fargo's motion to dismiss, the Court could deem the motion to have merit and grant it on that basis alone. *See* Local Rule CR 7(d)(3). However, since Plaintiffs are proceeding *pro se*, the Court grants some latitude at this early stage in the litigation.

### A. Motion to Dismiss Under 12(b)(6)

Fed. R. Civ. P. 12(b) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in a plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007) (internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 1965. Defendants must allege "enough facts to state a claim to relief that is plausible on its face." *Id.* at 1974.

### B. Notice

Rule 12 informs a plaintiff of what they must do in order to oppose a motion to dismiss under Fed. R. Civ. P. 12(b)(6). Generally, a motion under this rule must be granted when a plaintiff has failed to state a claim for which the law provides relief or the plaintiff has failed to plead facts that would support a theory available under the law –

ORDER - 2

that is, where either the law cannot help the plaintiff, or the plaintiff cannot provide facts sufficient to support his/her case under the law, the party who asked for dismissal is entitled to judgment, which will end a plaintiff's case. When, as here, the motion to dismiss is based on an alleged failure to plead facts to support a cognizable legal theory, a plaintiff may not be able to simply rely on what his or her complaint states. Instead, where a plaintiff's complaint is factually deficient, a plaintiff must set out specific facts in declarations, or authenticated documents, or an amended complaint that contradicts the facts shown in a defendant's documents and shows that there are facts that, if believed, would support a cognizable legal theory. If Plaintiffs fail to adequately respond to Wells Fargo's motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal may be granted and there will be no trial.

### III. NOTICE

Therefore, the Court hereby **ORDERS** as follows:

(1) Plaintiffs are put on notice that they must file a response to Wells Fargo's motion to dismiss no later than July 8, 2011; otherwise, dismissal may occur as discussed herein.

(2) Wells Fargo's motion to dismiss is **RENOTED** for consideration on July 8, 2011.

DATED this 21st day of June, 2011.

BENJAMIN H. SETTLE
United States District Judge