UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| HEATHER ANN TUCCI-JARRAF and JEREMY WALKER,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO BANK, N.A.,<br><br>Defendant. | CASE NO. C11-5282BHS<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |

This matter comes before the Court on Defendant Wells Fargo Bank's ("Wells Fargo") unopposed motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. 11. The Court has reviewed the briefs filed in support of the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

## I. PROCEDURAL HISTORY

This matter arises out of a quiet title action removed to this Court based on diversity of citizenship. Dkt. 1 (notice of removal). On May 11, 2011, Wells Fargo moved to dismiss this action under Rule 12(b)(6) (failure to state a claim). On June 2, 2011, Wells Fargo filed a reply, which informed the Court that it unsuccessfully attempted to serve Plaintiffs Heather Ann Tucci-Jarraf ("Tucci-Jarraf") and Jeremy Walker (collectively "Plaintiffs") a copy of the motion. Dkt. 14. On June 21, 2011, the Court informed Plaintiffs of what would be required within a response in order to avoid dismissal. Dkt. 15 (setting out the rules regarding defending against motions to dismiss under Rule 12(b)(6)). Plaintiffs did not respond.

ORDER - 1

## II.  FACTUAL BACKGROUND

This matter arises out of a dispute over the title to real property located in Mason County, Washington, commonly known as 1116 Wyandotte Avenue, Shelton, Washington 98584 ("the Wyandotte property"). Dkts. 2-3 at 3 & 11 at 2. The dispute is a result of actions by the former owners, the Albrights. Dkt. 11 at 3. On May 30, 2009, the Albrights secured a loan with a deed of trust ("DOT") in favor of Wells Fargo which was subsequently recorded in Mason County on June 26, 2009. Dkt. 13-1. On February 16, 2010, Northwest Trustee Services, Inc. ("the Trustee"), pursuant to the DOT, recorded a notice of trustee's sale with the Mason County Auditor. Dkt. 13-2. On April 27, 2010, the Albrights executed a statutory warranty deed in favor of R & M Investor's, Inc. ("R & M") which they recorded on April 30, 2010. Dkt. 13-3 at 2. On May 21, 2010, the Trustee sold the Wyandotte property to Wells Fargo and then filed the deed on May 28, 2010. Dkt. 13-4.

On February 18, 2011, the Albrights executed and recorded a "Grantor's Affidavit of Cancellation." Dkt 13-5. On February 28, 2011, R & M executed and recorded a statuary warranty deed purporting to convey title to Tucci-Jarraf. Dkt. 13-6. Also on February 28, 2011, Tucci-Jarraf filed Plaintiffs' complaint to quiet title in the Superior Court of Mason County. Dkt. 2-3.

## III.  DISCUSSION

**A.   Failure to Respond**

Defendant moves the Court to dismiss Plaintiffs' case for failure to state a claim for which relief can be granted under Rule 12(b)(6). Dkt. 11. Plaintiffs failed to respond. Generally, unopposed motions are granted pursuant to Local Rule W.D. Wash. CR 7(b)(2) (failure to file papers in opposition permits the court to deem the motion meritorious). However, because Plaintiffs were proceeding pro se, the Court informed them that, to defeat such a motion to dismiss, "a plaintiff must set out specific facts in

ORDER - 2

declarations, or authenticated documents, or an amended complaint that contradicts the facts shown in a defendant's documents and shows that there are facts that, if believed, would support a cognizable legal theory." Dkt. 15. The Court also cautioned that if "Plaintiffs fail to adequately respond to Wells Fargo's motion to dismiss under Fed. R. Civ. P. 12(b)(6), dismissal may be granted and there will be no trial." *Id.*

Here, Plaintiffs did not file papers in opposition to Wells Fargo's motion to dismiss their complaint. Although the Court could grant Wells Fargo's motion to dismiss on this basis alone, the Court finds good reason to grant the motion on its merits.

### B.  Failure to State a Claim

According to Plaintiffs, Tucci-Jarraf is the "sole, exclusive and lawful landowner, title holder, and possessor of the land" (Dkt. 2-3 at 4), and "[d]efendants have no lawful interest in Plaintiff's Land." *Id.* at 5. Tucci-Jarraf asserts her rights based on the execution and recording of the statutory warranty deed on February 28, 2011, purporting to convey title to the Wyandotte property to Tucci-Jarraf in fee simple absolute. Dkts. 2-3 at 4, 13-6 at 2. In contrast, Wells Fargo asserts its rights based on the fact that a deed of trust was executed on May 30, 2009, in favor of Wells Fargo to secure a loan, and that the deed of trust was recorded on June 26, 2009.

Rule 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) "In considering whether the complaint is sufficient to state a claim, a court must take all material allegations as true and construe them in the light most favorable to the plaintiff." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Generally, to survive a motion to dismiss, the complaint does not require detailed factual allegations. Plaintiffs must allege, however, "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 574 (2007).

ORDER - 3

Here, even though Tucci-Jarraf's factual allegations are uncontested, they are insufficient to preclude a motion to dismiss. "[A] deed recorded first in time [is] superior to any other conveyance and generally, liens take precedence in order of time, the first in time being the first in right." *Seattle Mortg. Co., Inc. v. Unknown Heirs of Gray,* 133 Wn. App. 479, 495 (2006) (internal citation omitted). Because Wells Fargo acquired a lien interest in the Wyandotte property when the Albrights secured their loan in 2009, Wells Fargo's interest takes precedence in order of time. Accordingly, the Albrights had no rights to convey to R & M in 2010, and R & M had no rights to convey to Tucci-Jarraf on February 28, 2011. Thus, the Plaintiffs' complaint fails as matter of law.

Additionally, the Court assumes without deciding, that even if the Albrights' efforts to cancel the deed of trust they created in 2009 was otherwise valid, the Affidavit of Cancellation was executed and recorded after the Trustee sold the Wyandotte property. That being the case, the Albrights have not shown that the cancellation would have legal effect and could be a basis to defeat Wells Fargo's motion to dismiss.

Based on the foregoing, the Court finds that Plaintiffs' claim to relief from Wells Fargo lacks a cognizable legal theory.

### IV. ORDER

Therefore, it is hereby **ORDERED** that Wells Fargo's motion (Dkt. 11) to dismiss the Plaintiffs' complaint **with prejudice** is **GRANTED**.

DATED this 19th day of July, 2011.

BENJAMIN H. SETTLE
United States District Judge